952 F.2d 1396
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
John David HAWKINS, Defendant-Appellee.
 No. 91-5256.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 1, 1991.
Decided Jan. 24, 1992.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CR-90-108-R)
 Argued: Joan Ziglar, Third Year Intern, Roanoke, Va., for appellant; Dorothy P. Dillon, Rocky Mount, Va., for appellee.
 On Brief: E. Montgomery Tucker, United States Attorney, Joseph H.W. Mott, Assistant United States Attorney, Roanoke, Va., for appellant.
 W.D.Va.
 VACATED AND REMANDED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 John David Hawkins, Jr. was convicted of violating 18 U.S.C. § 922(g)(1) (1988), which makes it unlawful for anyone convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm. The United States Government appeals, on the grounds that the district court impermissibly failed to sentence Hawkins to the minimum term of imprisonment of fifteen years imposed upon one who violates 18 U.S.C. § 922(g)(1) and who has committed three prior "violent felonies," pursuant to 18 U.S.C. § 924(e). Because the district court failed to determine whether or not Hawkins had committed three prior "violent felonies," we vacate the sentence and remand to the district court.
 
 I.
 
 2
 Prior to trial in the United States District Court for the Western District of Virginia, the Government filed an information for enhanced punishment, on the grounds that Hawkins' convictions for three prior violent felonies subjected him to a minimum term of imprisonment of fifteen years pursuant to 18 U.S.C. § 924(e). The information charged that Hawkins had been convicted of the following offenses: (1) "Armed Robbery, Use of a Firearm in Commission of a Felony," in Tennessee in 1978; (2) "Third Degree Burglary," in Tennessee in 1983; and (3) "Breaking and Entering," in Virginia in 1987. The motion did not contain further details regarding either the statutes under which Hawkins was convicted or the particular conduct for which he was charged. At trial, however, the government submitted into evidence the certificates of conviction and copies of the indictments.
 
 
 3
 During the sentencing hearing, the district court did not undertake consideration of whether Hawkins' prior convictions qualified as violent felonies such that the 18 U.S.C. § 924(e) minimum term of imprisonment would be applicable. Based on application of the sentencing range which would be applicable under the Sentencing Guidelines if Hawkins did not qualify for the enhanced penalty under § 924(e), Hawkins was sentenced to forty-six months, followed by supervised release for three years.
 
 
 4
 The appeal was brought pursuant to 18 U.S.C. § 3742(b)(2), which authorizes the government to appeal a sentence "imposed as a result of an incorrect application of the sentencing guidelines."
 
 II.
 
 5
 Anyone convicted of violating 18 U.S.C. § 922(g)(1) who "has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another ..." is subject to an enhanced penalty of "not less than fifteen years" imprisonment and a maximum fine of $25,000. 18 U.S.C. § 924(e)(1). The term "violent felony" is defined as
 
 
 6
 any crime punishable by imprisonment for a term exceeding one year ... that--
 
 
 7
 (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
 
 
 8
 (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....
 
 
 9
 18 U.S.C. § 924(e)(2)(B). If Hawkins' three prior convictions qualify as "violent felonies," then the statute requires imposition of the minimum fifteen year sentence, and the district court lacks discretion to impose a lesser sentence by applying the sentencing range which would otherwise be applicable under the Sentencing Guidelines. See United States Sentencing Guidelines § 5G1.1(b) (1991) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence").
 
 
 10
 Since the conviction for armed robbery clearly qualifies as a "violent felony," we focus on the convictions for "Third Degree Burglary" in Tennessee and "Breaking and Entering" in Virginia. In Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143 (1990), the Supreme Court considered the approach district courts are to follow to determine whether a conviction under state law for "burglary" or "breaking and entering" meets the statutory definition of "burglary" within the meaning of § 924(e)(2)(B)(ii). The Supreme Court held that the term "burglary" in the statute is to be defined in the "generic sense" in which most states now define burglary: "a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor, 495 U.S. at ----, 110 S.Ct. at 2158.
 
 
 11
 The generic definition of "burglary" is to be applied categorically; a district court is to determine whether a conviction qualifies as a "burglary," and thus as a "violent felony," based on the statutory definition of the particular crime for which the defendant was convicted, and not based on the particular facts of the offense. Taylor, 495 U.S. at ----, 110 S.Ct. at 2160. Nonetheless, the Court recognized that in some cases, a district court will be required to examine the facts of the offense in light of the particular state statute involved to determine whether the defendant was convicted of "generic" burglary. For example, a defendant may have been convicted of "burglary" under a state law which includes unlawful entry into boats or automobiles as well as buildings and structures. "An offense constitutes 'burglary' for purposes of § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant.
 
 
 12
 Id.
 
 
 13
 In the instant case, the district court did not examine Hawkins' prior convictions for "Third Degree Burglary" and "Breaking and Entering," the particular statutes under which he was convicted, the charging papers, or the jury instructions to ascertain whether either conviction constitutes "burglary" for purposes of the § 924(e) minimum mandatory sentence. In each instance, the district court must first examine the statute under which Hawkins was convicted and determine whether conviction for violation of the statute necessarily involved all of the elements of "generic" burglary. If Hawkins could have been convicted under the statute for a crime not meeting the definition of "generic" burglary, then the district court must examine the charging papers and jury instructions to ascertain whether, in his case, conviction necessarily hinged on a finding of all the elements of "generic" burglary. For instance, while under Virginia Code section 18.291, the statute under which Hawkins was convicted for "Breaking and Entering," one could be convicted for the breaking and entering of an automobile, the indictment submitted into evidence by the Government specified that Hawkins was charged with the breaking and entering of a dwelling. The convictions for "Third Degree Burglary" and "Breaking and Entering" may both qualify as "generic" burglaries within the definition supplied by the Supreme Court.
 
 
 14
 We, therefore, vacate the sentence and remand to the district court for further findings in accordance with the requirements of § 924(e) as interpreted in Taylor v. United States.
 
 
 15
 VACATED AND REMANDED.